**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000687**
**12-DEC-2024**
**07:51 AM**
**Dkt. 49 SO**

NO. CAAP-21-0000687

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RENELDO RODRIGUEZ, individually and on behalf of all others similarly situated, Plaintiff-Appellee,
v.
MAUNA KEA RESORT LLC; HAWAII PRINCE HOTEL WAIKIKI LLC; PRINCE RESORTS HAWAII, INC., Defendants-Appellants,
and
DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161002191)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, McCullen and Guidry, JJ.)

Defendants-Appellants Mauna Kea Resort LLC, Hawaii

Prince Hotel Waikiki LLC, and Prince Resorts Hawaii, Inc.

(collectively **Mauna Kea**), appeal from the "Stipulation for Entry of Judgment Under [Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule] 54(B) and Order" (**Judgment**), filed on November 12, 2021 by the Circuit Court of the First Circuit (**circuit court**).[1]

## I.   BACKGROUND

This is a class action brought by Plaintiff-Appellee Reneldo Rodriguez (**Rodriguez**), individually and on behalf of all others similarly situated, against Mauna Kea.[2]  From June 17 to August 16, 2016, Rodriguez worked at a hotel operated by Mauna Kea as a banquet department food server/waiter.  It is undisputed that, during the period of time relevant to this matter,[3] Mauna Kea charged its hotel customers a "service charge" or "gratuity" on food and beverage sales, which it calculated as a percentage of the total cost of food and beverage purchased. For banquets, events, meetings, room service, and other instances, Mauna Kea added a predetermined "service charge" for food and beverage provided by its hotels, which was generally calculated as 15% to 21% of the total food and beverage cost. It is further undisputed that Mauna Kea did not distribute the entire amount of the service charge collected to its employees

---

[1]     The Honorable Gary W.B. Chang presided.

[2]     Rodriguez moved for class certification in April 2017, and the circuit court certified the class in August 2017.

[3]     At issue are Mauna Kea's disclosures, in their catering contracts, between 2010 and 2017.

as tip income, and that Mauna Kea provided written disclosures to customers that the service charges would not be distributed in full to employees. Most of these disclosures did not specify the actual percentage or amount of the service charge that would be distributed to employees.

Rodriguez alleged in his complaint that Mauna Kea violated Hawaii Revised Statutes (**HRS**) § 481B-14 (Supp. 2023), which provides in relevant part that,

> (a) Any:
> (1) Hotel or restaurant that applies a service charge for the sale of food or beverage services; or
> (2) Hotel that applies a service charge for porterage services;
> shall distribute the service charge directly to its employees as tip income **or clearly disclose to the purchaser of the services that the service charge is being used to pay for costs or expenses other than wages and tips of employees**.

HRS § 481B-14 (emphasis added). Rodriguez alleged that, due to its failure to "clearly disclose" its retention of a certain portion of the service charge, Mauna Kea engaged in unfair methods of competition, in violation of HRS § 480-2 (2008), and the unauthorized withholding of wages, in violation of HRS § 388-6 (2015).

Rodriguez and Mauna Kea both filed motions for summary judgment (**MSJ**) in July 2018. Mauna Kea contended that Rodriguez could not prove, as required pursuant to HRS §§ 480-2 and 388-6, that Mauna Kea failed to satisfy the disclosure requirements set forth in HRS § 481B-14. Rodriguez contended that, because Mauna

Kea did not "clearly disclose" that its service charge would be used for costs other than tips, he was entitled to judgment on liability and damages as a matter of law.

The circuit court, limiting its ruling to the question of liability – i.e., whether Mauna Kea's disclosures were adequate pursuant to HRS § 481B-14 – granted summary judgment in favor of Rodriguez and against Mauna Kea.  In its "Amended Order Granting in Part and Denying in Part [Rodriguez's] Motion for Summary Judgment[,]" the circuit court ruled,

> 1. The Court GRANTS in part [Rodriguez's MSJ] as to the issue of [Mauna Kea's] liability to [Rodriguez] on the claim based upon [Mauna Kea's] violation of HRS §481B-14 due to [Mauna Kea's] failure to specify the portion of the service charge that was distributed to employees.
>
> 2. The Court DENIES in part [Rodriguez's MSJ] as to the issues set forth in [Rodriguez's] Supplemental Memorandum.  Withdrawing their prior request for a ruling on damages, that portion of [Rodriguez's] Motion is denied without prejudice.

The circuit court denied Mauna Kea's MSJ.

The circuit court entered an HRCP Rule 54(b) Judgment as to its summary judgment ruling on liability, and this appeal followed.

## II.  POINTS OF ERROR

Mauna Kea raises two points of error on appeal, contending that: (1) the circuit court erred when it granted Rodriguez's MSJ and denied Mauna Kea's MSJ; and (2) the circuit court's conclusion with respect to the disclosure requirements under HRS § 481B-14 was wrong as a matter of law.

4

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mauna Kea's contentions as follows:[4]

(1) Mauna Kea contends that the circuit court's conclusion as to the meaning of HRS § 481B-14 was wrong because "HRS § 481B-14 does not require specificity of the precise amounts being distributed and retained."  The appellate court reviews the trial court's conclusions of law de novo under the right/wrong standard.  State v. Eager, 140 Hawaiʻi 167, 173, 398 P.3d 756, 762 (2017) (citation omitted).

We conclude that the circuit court wrongly interpreted HRS § 481B-14 to require service charge disclosures to specify the actual amount distributed to employees.  We start by considering the plain language of HRS § 481B-14, which requires hotels and restaurants to either distribute the entire amount of the service charge to employees, or to "clearly disclose to the purchaser of the services that the service charge is being used to pay for costs or expenses other than wages and tips of employees."  As the Hawaiʻi Supreme Court has explained,

> [T]he plain language of HRS § 481B-14 require[s] [d]efendants to either distribute one-hundred percent of the service charge to employees as "tip income" or disclose

---

[4]    We take Mauna Kea's points of error out of order, so as to first address the underlying question of HRS § 481B-14's interpretation.

5

their retention of a portion of the service charge to customers.

<u>Gurrobat v. HTH Corp.</u>, 133 Hawaiʻi 1, 18, 323 P.3d 792, 809 (2014).

Prior cases have exhaustively considered the legislative intent of HRS § 481B-14 as follows,

> HRS § 481B-14's requirements set the expectancy or performance interest for the purchasers of food or beverage services to which a hotel or restaurant applies a service charge. **Under the statute, those purchasers are entitled to expect that the service charge will be distributed directly and entirely to service employees as tip income. That expectancy interest can be overcome or negated only if the hotel or restaurant clearly discloses to those purchasers that the hotel or restaurant follows a pattern of distributing the proceeds of a service charge in a way that diverges from the distribution pattern specified by the statute.**
>
> . . . .
>
> In essence, HRS § 481B-14 gives legal force and form to the ordinary consumer expectation that service charges are to be distributed in their entirety to service personnel and not diverted to other uses by the hotel or restaurant. **HRS § 481B-14 authorizes a departure from the distribution pattern based on the ordinary consumer expectation only where the hotel or restaurant "clearly discloses" that its pattern of distributing service charges diverges from the pattern specified by the statute.** As noted, those two "either/or" alternatives, incorporated into contracts governed by HRS § 481B-14 as implied terms, set the expectancy interest of purchasers of the relevant services.
>
> . . . .
>
> By enacting HRS § 481B-14, the legislature intended to require hotels and restaurants to 'meet the consumer expectations' that the service charge will be distributed to service personnel in lieu of a voluntary gratuity, not dedicated to some other purpose or diverted to some other party. Thus, the statute aims to structure the relevant transactions such that a hotel or restaurant's pattern of distributing proceeds from service charges to its service employees will accord with normal consumer expectations. **The statute accomplishes that aim by setting up a baseline distribution pattern for service charges, together with a means by which a hotel or restaurant can escape being bound by that baseline by clearly disclosing to the purchaser that it does not follow the baseline distribution pattern.**

6

<u>Kawakami v. Kahala Hotel Invs., LLC</u>, 142 Hawaiʻi 507, 514—15, 421 P.3d 1277, 1284—85 (2018) (emphasis added) (cleaned up).

Neither the plain language, legislative history, nor the case law interpreting the legislative history of HRS § 481B-14, instructs that a hotel or restaurant must specify with particularity the fraction or percentage of the service charge that is distributed to employees. Rather, the statutory language, as interpreted by the Hawaiʻi appellate courts, contemplates that a hotel or restaurant "clearly disclose" to customers if it is not following the baseline statutory pattern of distributing service charges directly and entirely to its employees.

We thus conclude that the circuit court wrongly interpreted HRS § 481B-14 as requiring Mauna Kea to disclose the specific percentage or amount of the service charge distributed to employees, thus imposing requirements beyond the scope of the statutory language.

(2) We review the circuit court's summary judgment rulings de novo, applying the following standard,

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must

> view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawai'i 46, 55—56, 292 P.3d 1276, 1285—86 (2013) (citation omitted).

"[A] summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial." Id. at 60, 292 P.3d at 1290 (citations omitted).

For the reasons discussed in section (1) supra, we find that Rodriguez failed to meet his burden of establishing a genuine dispute as to the alleged insufficiency of Mauna Kea's service charge disclosures. We further find that Mauna Kea met its burden of establishing that its service charge disclosures were sufficient pursuant to HRS § 481B-14. On this basis, the circuit court erred in granting Rodriguez's MSJ, and in denying Mauna Kea's MSJ.

**III. CONCLUSION**

For the foregoing reasons, we vacate the circuit court's Judgment and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, December 12, 2024.

On the briefs:

Richard M. Rand,
for Defendants-Appellants.

Brandee J.K. Faria,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge